UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-24604-CIV-COHN/SELTZER

TECHNOLOGY INSURANCE COMPANY,

       Plaintiff,

v.

ARKADY V. GEVORKYAN and
AKVATECKH ARKADZUK CJSC,

       Defendants.

_____/

## ORDER GRANTING EXTENSION OF TIME FOR SERVICE

**THIS CAUSE** is before the Court upon Plaintiff Technology Insurance

Company's Motion to Extend Time for Service [DE 18].  The Court has considered the

motion and is otherwise fully advised in the premises.

On December 23, 2011, Plaintiff filed this action against Defendants Arkady V.

Gevorkyan and Akvateckh Arkadzuk CJSC [DE 1].  On January 4, 2012, a summons

was issued as to each Defendant [DE 7].  Thereafter, Plaintiff voluntarily dismissed

Defendant Arkady V. Gevorkyan with prejudice.  See Amended Notice of Voluntary

Dismissal [DE 15].  Plaintiff specified that the voluntary dismissal only applied to

Defendant Arkady V. Gevorkyan, and not to the remaining Defendant.  Id. at 1.  As

such, the Court's Amended Order Dismissing Defendant Arkady V. Gevorkyan [DE 16]

indicated that this "action shall proceed against Defendant Akvateckh Arkadzuk CJSC."

To date, Defendant Akvateckh Arkadzuk CJSC has not been served.  Pursuant

to Federal Rule of Civil Procedure 4, "If a defendant is not served within 120 days after

the complaint is filed, the court—on motion or on its own after notice to the

plaintiff—must dismiss the action without prejudice against that defendant or order that

service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff

shows good cause for the failure, the court must extend the time for service for an

appropriate period."  Id.  In the instant motion, Plaintiff explains that Defendant

Akvateckh Arkadzuk CJSC is an Armenian company that Plaintiff previously believed to have been conducting business out of a Miami Beach address, but after several service attempts, Plaintiff learned that this Defendant does not actually conduct business out of the Miami Beach location.  Plaintiff believes that Defendant Akvateckh Arkadzuk CJSC may transact business in the United States, so Plaintiff hired a U.S. investigative service to determine the Defendant's connections with this country and specifically with Florida.  The U.S. investigative contact has been in touch with an Armenian investigative service to assist with investigations due to the language barrier, but when the Armenian investigation service was not sufficiently responsive, the U.S. investigative service started working with a new Armenian contact.

Based on the representations in Plaintiff's motion and the attached affidavits of Attorney Viet-Hanh Winchell [DE 18-1], Attorney Paul Kieffer [DE 18-3], and Investigator Charlie Vashro [DE 18-2], the Court finds that Plaintiff has shown good cause for the failure to serve and for an extension of time.  Plaintiff's requested 120-day extension of time is excessive, but the Court finds that a 90-day extension is reasonable under the circumstances.  Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiff Technology Insurance Company's Motion to Extend Time for Service [DE 18] is **GRANTED in part and DENIED in part**. Plaintiff shall perfect service of process on Defendant Akvateckh Arkadzuk CJSC, and file proof of same with the Court, on or before **July 30, 2012**.  **Failure to do so will result in dismissal of this action without prejudice.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 1st day of May, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

2